# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PHILLIP GRAY,

    Plaintiff,

v.                                         Case No: 8:18-cv-3093-T-30SPF

UBER , INC. and UNKNOWN
INDIVIDUAL,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Compel Arbitration and Stay all Court Proceedings (Dkt. 9); Defendant's Motion to Stay (Dkt 10); Plaintiff's Motion to Deny Respondents Motion to Compel Arbitration (Dkt. 12); Plaintiff's Motion for Discovery (Dkt. 13); Defendant's Response (Dkt. 15); and Plaintiff's Motion for Hearing (Dkt. 16). The Court, having reviewed the Motions and responses, and being otherwise advised in the premises, concludes that only Defendant's Motion to Compel Arbitration should be granted.

## BACKGROUND

Plaintiff Phillip Gray ("Gray") alleges that while he was a driver for Defendant Uber, Inc. ("Uber"), a passenger accused him of sexual harassment.[1] After the accusation, Uber immediately deactivated Gray's account. Gray then filed a Complaint against Uber and the passenger. Gray alleges that Uber violated his constitutional rights because he was

---

[1] The passenger is Defendant "unknown individual."

unable to respond to the harassment accusations before Uber suspended his account. According to Gray, Uber also told other companies and individuals about the accusation. So, Gray accuses Uber of defamation. Gray seeks one million dollars in actual and punitive damages. He also asks the Court to order Uber to produce the name and contact information of the unknown passenger who accused him of sexual harassment. Uber moves to compel arbitration.

## **LEGAL STANDARD**

Federal policy favors arbitration over litigation. *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982). "This federal policy requires that [the court] construe arbitration clauses generously, resolving all doubts in favor of arbitration." *Id.* However, a court "will not compel parties to arbitrate a dispute where the parties have not agreed to do so." *Scott v. EFN Investments, LLC*, 312 Fed. Appx. 254, 256 (11th Cir. 2009). The Court engages in a two-step inquiry in analyzing a motion to compel arbitration: first it must determine whether the parties agreed to arbitrate the dispute; and then, it decides whether "legal constraints external to the parties' agreement foreclosed arbitration." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). Whether a contract's arbitration clause requires arbitration of a given dispute is a matter of contract interpretation. *Seaboard Coast Line R. Co.*, 690 F.2d at 1348. Therefore, the validity of an arbitration agreement is a matter of state law. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367–68 (11th Cir. 2005).

# DISCUSSION

Uber argues that Gray agreed to arbitrate his claims. Uber states that when Gray signed up as a driver, he reviewed the Services Agreement and accepted its terms, twice. The Arbitration Provision contained in the Services Agreement states in relevant part:

> This Arbitration Provision is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA") and evidences a transaction involving interstate commerce. This Arbitration Provision applies to any dispute arising out of or related to this Agreement or termination of the Agreement and survives after the Agreement terminates. . . .
>
> **Except as it otherwise provides, this Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before any forum other than arbitration, with the exception of proceedings that must be exhausted under applicable law before pursuing a claim in a court of law or in any forum other than arbitration. Except as it otherwise provides, this Arbitration Provision requires all such disputes to be resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial, or by way of class, collective, or representative action.**
>
> . . . such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision. All such matters shall be decided by an Arbitrator and not by a court or judge.
>
> Except as it otherwise provides, this Arbitration Provision also applies, without limitation, to all disputes between You and the Company or Uber . . . including but not limited to any disputes arising out of or related to this Agreement and disputes arising out of or related to your relationship with the Company, including termination of the relationship. This Arbitration Provision also applies, without limitation, to disputes regarding any city, county, state or federal wage-hour law, . . . termination, harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for individual claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by

> insurance), Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other similar federal and state statutory and common law claims.
>
> This Agreement is intended to require arbitration of every claim or dispute that lawfully can be arbitrated, except for those claims and disputes which by the terms of this Agreement are expressly excluded from the Arbitration Provision. . . .

Dkt. 11, p. 28-29. To determine if Gray must arbitrate his claims, "the Court must consider (1) whether [the parties] entered into a binding agreement to arbitrate and (2) if so, whether the threshold issue of arbitrability is to be decided by the Court or by the arbitrator." *Steel, LLC v. Sauer Group, Inc.*, 6:17-CV-1812-ORL-KRS, 2017 WL 10086127, at *2 (M.D. Fla. Dec. 28, 2017 (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–50 (1986)). Uber argues that a valid agreement between Uber and Gray existed. And Gray does not dispute this fact. Instead, Gray argues that he opted out of arbitration. He also argues that Uber released him from the contract when it deactivated his account, and that Uber breached the contract which makes the contract "null and void." Dkt. 12, p. 2.

By alleging that he opted out of the Arbitration Provision, Gray challenges whether an agreement to arbitrate exists. It is "well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide," not arbitrators. *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 296 (2010). The Eleventh Circuit has held that when analyzing the formation of an arbitration agreement, a "summary judgment-like standard is appropriate." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). "[A] district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any

4

material fact' concerning the formation of such an agreement." *Id*. (citing Fed. R. Civ. P. 56(a)).

Looking to the evidence in the record, Uber and Gray each submitted one declaration/affidavit. Uber attached a declaration from one of its paralegals, Dylan Tonti. *See* Dkt. 11. Tonti stated that, based on Uber's records, Gray accepted the Services Agreement. *Id*. at 3-4. After accepting the Services Agreement, a driver can opt out of the Arbitration Provision within 30 days of the date of acceptance by sending Uber an email or letter with the driver's name and intention to opt out. *Id*. at 32. According to Tonti, when a driver decides to opt out of the Arbitration Provision, Uber keeps the opt-out notice in an electronic file. *Id*. at 6. Uber's records reflect that Gray did not opt out of arbitration within thirty days of his acceptance of the Services Agreement. *Id*.

Gray submitted an affidavit stating that he opted out of the Services Agreement's Arbitration Provision "over 3 years ago." Dkt. 12-1. Gray admits that he "has no evidence of his refusal" to arbitrate. *Id*.

Gray's contention that he opted out of the Arbitration Provision more than three years ago does not mean that he *timely* opted out. And "a conclusory assertion that the plaintiff has no evidence to prove his case" does not create a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring). Accordingly, the Court concludes that there is no genuine issue of material fact concerning the parties' agreement to arbitrate.

5

Gray's other arguments involve the enforceability of the Services Agreement and its Arbitration Provision. This Court has previously held (in relation to an identical Arbitration Provision) that:

> The Delegation Clause at issue here provides that "disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision . . . shall be decided by an Arbitrator and not by a court or judge." . . . adjudication of Plaintiffs' attacks on the Arbitration Provision should be left to the arbitrator because it is clear and unmistakable that the parties agreed to arbitrate arbitrability.

*Suarez v. Uber Techs., Inc.*, 8:16-CV-166-T-30MAP, 2016 WL 2348706, at *4 (M.D. Fla. May 4, 2016), *aff'd*, 688 Fed. Appx. 777 (11th Cir. 2017). Accordingly, the Court must compel arbitration.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Compel Arbitration and Stay all Court Proceedings (Dkt. 9) is GRANTED.

2. All other pending motions are denied as moot.

3. The Clerk is directed to stay the case pending arbitration.

4. The parties are directed to arbitrate the claims pursuant to the Services Agreement's Arbitration Provisions.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of February, 2019.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record