UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIP GRAY,

       Plaintiff,

v.                                     Case No. 8:18-cv-3093-T-30SPF

UBER, INC. and UNKNOWN
INDIVIDUAL,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Appeal in Forma Pauperis ("Motion") (Doc. 28).  Pursuant to Rule 24(a), Federal Rules of Appellate Procedure, a party in a district court action seeking to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal.  Fed. R. App. P. 24(a)(1)(A)-(C).  The affidavit is "sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  Moreover, a court can consider income provided by a spouse and income from Social Security or other disability benefits. *See Trimble v. Volz*, No. 2:08CV417-FTM-99DNF, 2008 WL 4490181, at *3 (M.D. Fla. Sept. 30, 2008); *see Sutton v. Colvin*, No. 3:16-CV-886-J-34MCR, 2016 WL 7971445, at *1

n.1 (M.D. Fla. July 26, 2016) ("Spousal income can be considered in determining Plaintiff's ability to pay for the Court's fees and costs.").

Based on the information provided in his affidavit, Plaintiff failed to show that he is indigent. Plaintiff's gross monthly income, including his spouse's income, is $5,749.58 (Doc. 28-1 at 2–3),[1] which equates to an annual income of $68,994.96. Additionally, Plaintiff's property includes a house with a value of $198,000 and two cars (*Id.* at 4). Plaintiff's monthly expenses and debts, on the other hand, total approximately $5,195 (*Id.* at 6). Therefore, Plaintiff has the financial ability to pay the costs associated with filing an appeal. *See Steuber v. Walter Inv. Mgt. Corp.*, No. 8:17-CV-2405-T-35MAP, 2017 WL 8813074, at *2 (M.D. Fla. Nov. 30, 2017), *report and recommendation adopted,* 8:17-CV-2405-T-35MAP, 2018 WL 1866099 (M.D. Fla. Jan. 3, 2018) (finding that "[p]laintiff's access to the courts does not seem to be blocked by her financial status," when the plaintiff's income exceeded her expenses by $600). Given the information currently available to the Court, it is recommended that Plaintiff's Motion be denied.

Accordingly, it is hereby

**RECOMMENDED**

1. Plaintiff's Motion to Appeal in Forma Pauperis (Doc. 28) be denied.

---

[1] Plaintiff states that his gross income is $4,227.58 and his wife's gross income is $1021.00, for a total gross income of $5,248.58. (Doc. 28-1 at 2). Plaintiff's affidavit, however, shows that he miscalculated his total gross income. Plaintiff's combined monthly gross income is equal to $5,749.58. (*See id.* at 2–3).

2. Plaintiff be directed to pay the required filing fee within fourteen (14) days of the date of the Court's Order denying Plaintiff's Motion to Appeal in Forma Pauperis.

3. The Clerk be directed to notify the Eleventh Circuit that the motion to proceed *in forma pauperis* on appeal is denied according to Rule 24(a)(4)(A), Federal Rules of Appellate Procedure.

**IT IS SO REPORTED** in Tampa, Florida, on May 13, 2018.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  Fed. R. Civ. P. 72(b)(2).  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit and waives that party's right to challenge anything to which no specific objection was made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); 11th Cir. R. 3-1; Local Rule 6.02.


cc:     Hon. James S. Moody
        Counsel of record
        *Pro se*, Plaintiff

4