UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP GRAY,

    Plaintiff,

v.   Case No. 8:18-cv-3093-T-30SPF

UBER, INC. and UNKNOWN
INDIVIDUAL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon *pro se* Plaintiff's Motion and Declaration for Leave to Proceed *In Forma Pauperis* (Doc. 84). Plaintiff is a former driver for Defendant Uber, Inc. Plaintiff contends Uber deactivated his account without notifying him (violating his Constitutional rights) and defamed him by informing other ride share companies that a female passenger complained he sexually harassed her (*see* Doc. 1, Ex. 2). At the state court level, Plaintiff was denied *in forma pauperis* status (*Id*. at Ex. 4).

Defendant Uber removed this case from state court in December 2018 (*see* Doc. 1). Once in federal court, Uber moved to compel arbitration (Doc. 9). The District Judge granted Defendant's motion and stayed the case pending the arbiter's ruling (Doc. 17). Plaintiff then filed a notice of appeal and a motion to pursue that appeal *in forma pauperis* (Docs. 28, 29). After reviewing Plaintiff's affidavit detailing his and his spouse's monthly income versus expenses, the undersigned determined Plaintiff was not indigent for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915, and recommended the District Judge deny Plaintiff's motion (Doc. 31). The District Judge adopted the report and recommendation on May 29,

2019 (Doc. 33).  The next month, the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal *sua sponte* for lack of subject matter jurisdiction, because Plaintiff sought to appeal an order (the District Judge's order compelling arbitration) that was not yet final (Doc. 40).

In the meantime, the case proceeded to arbitration, and on October 26, 2020, the arbitrator entered a Final Arbitration Award in Uber's favor (Doc. 78, Ex. 2).  On November 23, 2020, the District Judge granted Uber's motion to confirm the final arbitration award and denied Plaintiff's construed motions to vacate it (Doc. 81).  The District Judge directed the Clerk of Court to enter judgment for Uber and against Plaintiff and close the case; the Clerk of Court did so the same day (Docs. 81, 82).  Plaintiff now seeks to appeal that Order *in forma pauperis* and has filed a notice of appeal and an affidavit detailing his and his spouse's monthly income and expenses (Docs. 84, 85).

The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the court to authorize "the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).  Rule 24(a)(1), Fed. R. App. P., provides:

> **Motion in the District Court.**  Except as stated in Rule 24(a)(3) [regarding a party permitted to proceed *in forma pauperis* in the district-court action], a party in a district court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
> (A) Shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) Claims an entitlement to redress; and
> (C) States the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).  If the district court denies the *in forma pauperis* motion, "it must state its reasons in writing."  Fed. R. App. P. 24(a)(4).

Here, Plaintiff's affidavit satisfies the requirement of Rule 24(a)(1)(A). A litigant need not show he is "absolutely destitute" to qualify for indigent status. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Rather, an application need only show that the litigant, because of poverty, is unable to pay for the court fees and costs while providing necessities for the litigant and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.* Although the Court previously found that Plaintiff was not indigent for purposes of the *in forma pauperis* statute (*see* Doc. 33), Plaintiff avers that his monthly income has decreased since he lost his Uber job, he is now $10,000 behind on his mortgage payments, and he owes more on his vehicle than it is worth. Plaintiff and his spouse have an average pre-tax monthly income of $5,500 (or $66,000 annually) in disability and VA benefits, and purported monthly expenses totaling $5,435 – leaving Plaintiff with a monthly surplus of $65. *See Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (in evaluating a movant's ability to pay, the district court must compare the litigant's assets and liabilities).

Despite that Plaintiff satisfies the indigence prong of Rule 24(a)(1), after reviewing his motion, along with the entire court file, the undersigned finds Plaintiff's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (citation omitted). A claim is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact and has little or no chance of success. *Id.; see also Napier v. Preslicka,*

314 F.3d 528, 531 (11th Cir. 2002); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993); *Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999). "More specifically, 'arguable' means capable of being convincingly argued." *Ghee*, 271 F. App'x at 860 (citation and quotation marks omitted).

Plaintiff's appeal is objectively frivolous. As stated in the District Judge's Order affirming the arbitration award, judicial review of an arbitration award is narrowly limited to four statutory bases set forth in 9 U.S.C. §§ 10(a)(1)-(4) of the Federal Arbitration Act ("FAA") (Doc. 81 at 2-3, citing *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1324 (11th Cir. 2010)). The four statutory bases are:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "The party challenging the arbitration award bears the burden of asserting sufficient grounds to vacate the award." (Doc. 81 at 3, quoting *Aldred v. Avis Rent-A-Car*, 247 F. App'x 167, 169) (11th Cir. 2007)). The FAA imposes a heavy presumption in favor of confirming arbitration awards (*Id.*, citing *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328, 1333 (11th Cir. 2007)).

Construing Plaintiff's notice of appeal in the light most favorable to him, as the Court is required to do for *pro se* litigants, Plaintiff appears to argue the existence of the second statutory basis (evident partiality or corruption of arbitrator). Plaintiff identifies the issues he intends to raise in his appeal as follows:

> That the Arbitrator with JAMS refused to follow the law, refused to follow the Rules of Procedure, and ignored the facts as presented by the Appellant. Further, the Arbitrator allowed 3rd party hearsay and he [sic]. In addition, Uber Technologies, Inc. had no cause of action that would allow them to file an Arbitration with JAMS, which the Attorney for Uber Technologies admitted to during the time the case was with the Federal District Court. Further, it is my contention that the Arbitrator made his decision based, not on the law, nor on the facts, nor on the law, but because he is biased against Pro Se Litigants, has a hatred against Vietnam Veterans (I am a Disabled Vietnam Veteran) and to punish me for my remarks expressing the truth about Moody, the Federal Judge in this case, and my opinion of him.

(Doc. 84 at 1). Plaintiff offers no non-frivolous argument in support of these allegations and points to no evidence. The undersigned's thorough review of the case file confirms that throughout this litigation Plaintiff has alleged, without evidence, that the Court is on the take from Uber, biased against veterans and *pro se* litigants, and criminally conspiring to squash Plaintiff's rights and deprive him of a livelihood (*see* Docs. 24, 36-37, 45, 51, 61-73, 77, 79). This is objectively frivolous; Plaintiff's appeal is not taken in good faith.

Accordingly, it is hereby

 **RECOMMENDED:**

(1) Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 84) be DENIED; and

(2) The Clerk of Court be directed to notify the parties and the Eleventh Circuit Court of Appeals that Plaintiff's appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(4)(B).

**IT IS SO REPORTED** in Tampa, Florida on December 8, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

5

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc:     Hon. James S. Moody. Jr.